UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR RIOS-BENAVIDES (A# 240-872-505),<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 1:26-cv-05821 DC SCR<br><br>ORDER |

Petitioner, an immigration detainee who is proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636. By this order, the undersigned will set a schedule for the briefing of the petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Examination of the in forma pauperis application reveals that Petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis (ECF No. 2) is granted. See 28 U.S.C. § 1915(a).

2. However, at this early stage in the litigation, it is not clear that the interests of justice require the appointment of counsel for petitioner. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Therefore, the undersigned defers ruling on petitioner's motion to appoint counsel (ECF No. 3).

3. Respondents are directed to show cause why the writ should not be granted by filing an answer/return within seven (7) days from the date of this order. See 28 U.S.C. § 2243. Respondents shall include with the answer/return any and all transcripts or other documents relevant to the determination of the issues presented in the application. Absent a further order of the court, the petition will be taken under submission after the filing of the answer/return.

4. In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, Respondents shall not transfer Petitioner to another detention center outside of this judicial district, pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

5. In the event Petitioner obtains an immigration bond and it is paid resulting in release, Petitioner shall inform the court as expeditiously as possible in order to conserve its limited judicial resources. For the same reason, Respondents shall inform the court as expeditiously as possible in the event a travel document is obtained for Petitioner that will result in Petitioner's imminent removal from this country. Either party shall update the court by filing a Notice of Changed Circumstances that informs the court of the particular circumstances that have changed.

DATED: July 29, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE