UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR AUGUSTO RIOS-BENAVIDES (A# 240-872-505),<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.<br>Respondents. | No. 1:26-cv-05821 DJC SCR<br><br><u>ORDER AND</u><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is a federal immigration detainee proceeding pro se with a writ of habeas corpus under 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Petitioner is a citizen and native of Nicaragua whose manner of entry into the United States is not specified in the record. Immigration and Customs Enforcement ("ICE") detained Petitioner on March 18, 2026, during a routine check-in at his local ICE office. ECF No. 1 at 2, ¶ 3. An immigration judge ("IJ") ordered Petitioner removed to Nicaragua on April 14, 2026. ECF No. 8-1 at 4-5. The Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal as untimely on June 10, 2026. ECF No. 8-1 at 9. Petitioner filed a petition for review with the Ninth Circuit on June 25, 2026. <u>Id.</u> 2026. <u>Id.</u> at 1. The Ninth Circuit issued a temporary stay of removal that same date, which is still in place as of this writing. <u>Id.</u> at 3. Petitioner is detained in the Golden State Annex Detention Facility within this judicial district. ECF No. 1 at 2, ¶ 2.

In his § 2241 application, Petitioner challenges his detention as a violation of, *inter alia*, the Due Process Clause of the Fifth Amendment (Count One). ECF No. 1 at 20-21. Respondents concede that "Rodriguez Vazquez v. Bostock, 2026 WL 2196424 (9th Cir. July 30, 2026), holds that § 1226(a) governs Petitioner's detention" while still maintaining their argument that Petitioner was properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A). ECF No. 8.

By virtue of the Ninth Circuit's stay of Petitioner's removal, his detention has not yet shifted to 8 U.S.C. § 1231(a). See 8 U.S.C. § 1231(a)(1)(B)(ii). Therefore, in light of Rodriguez Vasquez, Petitioner's detention is governed by 8 U.S.C. § 1226(a), which provides "substantial procedural protections," Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193 (9th Cir. 2022), including the right to request an initial custody re-determination before an IJ under 8 C.F.R. § 1236.1(d). Respondents' denial of those statutory protections for a period of many months constitutes a procedural due process violation. See Feng v. Lyons, No. 1:26-cv-0235 DJC SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (finding that the "provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right"). The revocation of Petitioner's supervision at a routine check-in without pre-deprivation notice and hearing constitutes a separate due process violation warranting habeas relief. See Singh v. Andrews, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025), Mariagua v. Chestnut, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025), and Ortega v. Noem, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025).

In tailoring the remedy for this due process violation, the Court is mindful that federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). Based on the due process violations described above, the undersigned finds that Petitioner is entitled to habeas relief in the form of immediate release from immigration detention.

////

////

////

## CONCLUSION

Accordingly, IT IS ORDERED that Petitioner's motion to appoint counsel (ECF No. 3) is DENIED as moot.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on Count One (Due Process Clause of the Fifth Amendment).[1]

2. Respondents be ordered to immediately release Petitioner CESAR AUGUSTO RIOS-BENAVIDES (A# 240-872-505) from their custody and to return all of Petitioner's documents and possessions at the time of release.

3. Respondents be directed to file a notice certifying compliance with the above provisions within three (3) days from the date of any final order requiring release.

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

5. The final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to:

   a. Serve a copy of any release order on the Golden State Annex Detention Facility; and

   b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period

[1] In the interests of judicial economy, any remaining claims in the § 2241 petition are not addressed herein.

is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE